IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-40930

---

TURNER MYER, III,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court for the
Eastern District of Texas, Beaumont
(1:94-CV-567)

---

September 17, 1996

Before GARWOOD, BARKSDALE and DENNIS, Circuit Judges.[*]

PER CURIAM:

This social security disability benefits case has a convoluted

history.

On September 22, 1994, plaintiff-appellant Turner Myer, III

(Myer), a prisoner in the Texas Department of Corrections, filed

this suit *pro se* and *in forma pauperis* in the United States

---

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

District Court for the Eastern District of Texas seeking to review the decision of the Social Security Administration (SSA) denying his claim for disability benefits. Process was not issued, and the SSA was not served. On October 27, 1994, the magistrate judge issued a report and recommendation recommending that the suit be dismissed because in earlier proceedings in the United States District Court for the Southern District of Texas, Houston division, the court had dismissed as frivolous a suit filed in 1991 by Myer, had imposed a sanction of $25 on Myer, and had ordered that he be barred from filing further suits until the sanction was paid. The magistrate judge noted that Myer had not paid the sanction. He also noted that Myer had filed at least seven other law suits in the United States District Court for the Eastern District of Texas. Myer objected to the magistrate judge's report, but the district judge overruled the objections, adopted the report and recommendation, and dismissed the suit on December 14, 1994. Myer appealed to this Court. In an unpublished opinion issued May 17, 1995, this Court vacated the district court's order of dismissal and remanded the case for further proceedings. We concluded that the Southern District of Texas order by its terms barred Myer only from filing "any civil rights complaint" *in forma pauperis* until the $25 sanction was paid. We further held that Myer's suit challenging the denial of his application for social security benefits was not a civil rights complaint within the terms

of the order of the district court for the Southern District of Texas, and hence was not barred thereby. *Myer v. Shalala*, 94-41354 (5th Cir. May 17, 1995) (unpublished).

Following our remand, defendant-appellee Commissioner of the Social Security Administration (Commissioner) on October 5, 1995, filed her motion to dismiss on the basis that Myer's complaint was not filed within sixty days after the final decision of the Secretary of Health and Human Services on Myer's application for social security disability benefits, as required by 42 U.S.C. § 405(g). Supporting affidavits reflected that Myer initially applied for social security disability benefits in March 1992; the claim for benefits was administratively denied, and at Myer's request the denial was reviewed by an administrative law judge, who held a hearing on October 29, 1993, and on January 26, 1994, issued a decision that Myer was not entitled to disability benefits under Title II of the Social Security Act. Myer appealed to the Appeals Council, which in a decision issued March 25, 1994, affirmed the denial of benefits. The decision was mailed to Myer at his address with the Texas Department of Corrections on March 25, 1994. This communication also states that if Myer desired judicial review

> ". . . you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made. . . .

3

If you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request."

The Commissioner's motion reflects that no extension of the sixty-day period had been sought or granted.

On October 10, 1995, Myer filed his response to the Commissioner's motion. The response does not deny that Myer timely received the decision of the Appeals Council; nor does it assert that he misunderstood its provisions.[1] However, Myer's response does assert that he had filed suits challenging the SSA's denial of his application for benefits in the United States District Court for the Southern District of Texas, Galveston division, "in the month of April 1994" and in the United States District Court for the Southern District of Texas, Houston division, in "May of 1994," but that each of those courts "had refuse[d] to accept my complaint" because of his outstanding $25 sanction. Myer does not say when either of the suits was refused, dismissed, or returned, or when he learned of that. No documentation was attached to this response except a receipt from the United States District Court for the Southern District of Texas in Houston dated March 24, 1995,

---

[1]Pursuant to 20 C.F.R. § 422.210(c) (1996), it is presumed, absent a reasonable showing to the contrary, that the decision was received five days after the notice thereof. *See Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991). Here there is no evidence or allegation that the March 25, 1994, notice was not received by March 30, 1994.

reflecting receipt from Myer of $25 as payment of "sanctions." There is no allegation, nor anything in the record to indicate, that the SSA was even aware of these suits prior to Myer's October 10, 1995, response.

The Commissioner filed no rejoinder to Myer's response. Nothing further transpired in the case until the district court on October 20, 1995, issued its order and judgment granting the Commissioner's motion and dismissing the suit. The order does not otherwise state any reasons or give any explanation; nor does it address Myer's response to the Commissioner's motion.

Myer brings this appeal, and in substance argues that he timely filed suit challenging the Commissioner's decision by his April 1994 suit filed in the Galveston federal district court—and perhaps also by his May 1994 suit filed in the Houston district court—and that since these suits were erroneously refused by those courts because of his failure to pay the sanction, that he either met or ought to be excused from the sixty-day limitations period of section 405(g).

In *Bowen v. City of New York*, 106 S.Ct. 2022 (1986), the Supreme Court held that section 405(g) was a limitations provision to which equitable tolling would be applicable. The Court recognized that because the SSA was authorized by section 405(g) to extend the sixty-day period "in most cases the Secretary will make the determination whether it is proper to extend the period

5

within which review must be sought. Cases may arise where the equities of tolling the limitations period were 'so great that deference to the agency's judgment is inappropriate.'" *Id*. at 2030. The *Bowen* Court went on to hold that under the facts of that case the district court, and the court of appeals, properly applied equitable tolling, even though the Secretary had not done so, because, among other things, "'the Government's secretive conduct prevents plaintiffs of knowing of a violation of rights.'" *Id*. at 2031. The Court there was referring to secretive conduct of the SSA. No such conduct, or other relevant fault, on the part of the SSA is asserted here.

If Myer timely filed a complaint in the Galveston federal court and/or in the Houston federal court, and if these complaints properly sought review of the SSA's March 25, 1994, decision denying Myer's application for social security benefits, and if the suits were wrongly dismissed because of Myer's failure to pay the earlier sanctions, these facts would argue in favor of equitable tolling. No one has ever asserted that these facts alleged by Myer in his response are not actually correct; but, on the other hand, Myer has provided no supporting documentation and has not made reference to any dates or cause numbers or the like. Then, again, the *pro se* Myer was not alerted to the need to do so.

On the other side of the ledger is the fact that Myer did not at any time seek to get an extension of the sixty-day period from

the SSA, as the March 25, 1994, notice to him specifically advised him he could do. This certainly counts against equitable tolling. *See Flores v. Sullivan*, 945 F.2d 109 (5th Cir. 1991). Although Myer was a prisoner and apparently without funds, this record strongly suggests that he is no stranger to the courts or to administrative proceedings. If we assume that both of Myer's prior suits had been dismissed or returned to him by, for example, June 15, 1994, the question arises why Myer did not then either seek an extension from the SSA or, within sixty days of the last suit's being dismissed or returned to him, file the instant suit. The instant suit was not filed until September 22, 1994, and it is dated September 19, 1994. However, we do not know from this record when either of Myer's prior suits was returned to him. Conceivably, the last to have been returned to him may have been returned (or he may have first learned of that) less than sixty days before September 22, 1994 (or September 19, 1994). If that were the situation, equitable tolling would likely be mandated (provided the prior suits were such as would, apart from timing, meet the requirements of section 405(g)). It might also be mandated if, though the last suit was dismissed or returned to Myer more than sixty days before September 22, 1994, there was in connection with the return or dismissal some order (or the like) that Myer would be sanctioned if he attempted to file another such suit. There may also be other considerations that would argue for

7

equitable tolling even though the last suit was returned more than sixty days prior to the filing of the instant suit. On the other hand, when Myer had or could have had the ability to pay the $25 sanction (the validity of which is not challenged) may also be relevant.

Under all the circumstances, we conclude that the district court acted precipitously in its dismissal of Myer's complaint. On remand, the court should afford Myer the opportunity of providing some documentation concerning his asserted two prior suits, their nature, and the nature of the action taken thereon, including showing when, as to each, he received notice that the suit was dismissed or returned. If the last such notice was more than sixty days before September 19 or September 24, 1994, Myer should be afforded an opportunity to explain why he did not sooner file the instant suit or seek an extension of time from the SSA. With all the facts before it, the district court can then make an informed decision as to whether the circumstances are so strongly in favor of equitable tolling that deference to the Commissioner's judgment not to recognize it in this instance is appropriate.[2]

Accordingly, the judgment of the district court is vacated and the cause is remanded for further proceedings not inconsistent herewith.

---

[2]The Commissioner's motion to dismiss and its position on this appeal constitute an inferential denial of equitable tolling. *See Barrs v. Sullivan*, 906 F.2d 120 (5th Cir. 1990).

VACATED and REMANDED